IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| JUSTIN THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 05-CV-1327 |
| ) | |
| HCH ADMINISTRATION, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Plaintiff's Objection to Defendant's Removal and Plaintiff's Motion for Remand to State Court [12], Defendant's Response [14], and Plaintiff's Reply [15].  Based upon a thorough review, as discussed below, the Court recommends that Plaintiff's Objection to Defendant's Removal and Motion for Remand [12] be ALLOWED.

### BACKGROUND[1]

On May 11, 2005, Plaintiff Justin Thomas filed a lawsuit in the Tenth Judicial Circuit of Illinois, Tazewell County, encaptioned <u>Justin Thomas v. Joshua Clark</u>, Case #2005-L-60.  This claim was based upon a tort action

---

[1] **The Court appreciates the quality of the filings herein and the attention to detail by counsel.**

due to a motor vehicle collision.  Based upon the submissions of the parties, it is clear that Plaintiff Thomas reached settlement of his tort case.  Thomas received settlement proceeds from the carrier who insured the other driver and from his own insurance company under the underinsured provisions.  Justin Thomas was insured under a health plan through Defendant HCH Administration, Inc.  After the tort case was settled, Plaintiff Thomas filed a petition to adjudicate lien in the Tenth Judicial Circuit, Peoria County, encaptioned <u>Justin Thomas v. HCH Administration, Inc. on behalf of Morton Buildings, Inc. and Institute of Physical Medicine and Rehabilitation</u>, Case #2005-MR-278.  In his petition, Plaintiff Thomas sought to adjudicate reimbursement of the subrogation liens of HCH Administration, Inc. and Institute of Physical Medicine and Rehabilitation.  Plaintiff settled the tort case for $100,000.  The lien claimed by HCH Administration, Inc. is $71,201.02.

## ANALYSIS

Defendant claims that Plaintiff's petition to adjudicate lien requires an interpretation of an ERISA plan and is therefore an ERISA action subject to removal as the complete preemption doctrine applies.  Plaintiff, in his request for remand agrees that the main issue concerning removal is whether the present claim presents a complete preemption issue.

Plaintiff's motion [12] artfully dissects controlling Seventh Circuit precedent with fact patterns virtually identical to the instant cause of action. Plaintiff cites the following Seventh Circuit precedent: Blackburn v. Sunstrand Corp., 115 F.3d 493 (7th Cir., 1997); Speciale v. Seybold, 147 F.3d 612 (7th Cir., 1998); and Hart v. Wal-Mart Stores, Inc., Associates' Health and Welfare Plan, 360 F.3d 674 (7th Cir., 2004). The undersigned agrees with Plaintiff that "the courts in these three decisions determined that when there is a case involving a tort claim in state court, and when there is a petition for adjudication of liens against the recovery (in the tort claim case or filed separate in state court), complete preemption does not exist under ERISA."  See [12] at page 6.

    Plaintiff, in his reply, also notes that Defendant has failed to provide this Court with any information whatsoever that Plaintiff is seeking additional benefits from the Plan. Plaintiff goes on to state: "Plaintiff is not seeking any payment for benefits from the Plan."  See [15] at page 1.[2] The Court again agrees with Plaintiff's analysis and his reliance on Blackburn at 495 wherein the Seventh Circuit stated:  "Thus, if the (plaintiff) has sought to require (defendant's) plan to pay additional

---

[2] **This statement by the Plaintiff in all likelihood is a judicial admission as it is a formal factual concession of Plaintiff's position in a pleading or motion. See Dabertin v. HCR Manor Care, Inc., 68 F.Supp.2d 998, 1000 (ND IL, 1999)(citing cases).**

benefits, their claim would have arisen under ERISA and defendant could have removed it. But neither the original tort action, nor the petition to adjudicate adverse claims to the settlement fund sought a payment from the plan. Section 502 is irrelevant." The Court agrees that without Section 502 of ERISA being applicable to the instant claim, there cannot be complete preemption under ERISA. Without complete preemption, there is no basis for removal.

The Court's sole concern about its recommendation for remand involves Defendant's assertion that Plaintiff's Complaint requires an "interpretation" of the Plan because of the Plan's subrogation language and Plaintiff's "assertions" pertaining to first party and third party insurance proceeds. However, the Court believes <u>Blackburn</u> again leads the Court to conclude remand is still the proper recommendation.

Plaintiff's Reply [15] at pages 2 and 3 analyzes the Defendant's claim that Plaintiff's Complaint requires the Plan's terms to be interpreted to apportion the funds in the recovery in one way or another. Plaintiff agrees that such a "defense" would indeed require interpretation of the Plan's terms, but argues that such a defense does not support removal. Plaintiff again cites to <u>Blackburn</u> at 495 where the Seventh Circuit stated: ". . . [I]t has been understood for a very long time that a federal defense to a claim

arising under state law does not create federal jurisdiction, and therefore does not authorize removal.  This is true of defenses under ERISA no less than defenses under other federal statutes".[3]  This Court agrees.[4]

## CONCLUSION

For all of the above reasons the Court RECOMMENDS that Plaintiff's Objection to Defendant's Removal and Motion for Remand to State Court [12] be ALLOWED and that this cause be sent back to the Tenth Judicial Circuit, Peoria County, Illinois, for further action.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal.

---

[3] **See also: Arana v. Ochsner Health Plan, Inc., 302 F.3d 462, 470 (5th Cir., 2002), wherein the Fifth Circuit remanded a removed ERISA case with directions to remand to state court.  Arana, an insured under OHP's plan, brought an action in state court requesting a declaratory judgment that OHP's subrogation rights had no effect because of Louisiana State law.  OHP removed the case from state court and the District Court denied remand ruling there was complete preemption under ERISA.  The Fifth Circuit reversed and ordered remand holding Arana's claim was not preempted by ERISA because it was not an action to enforce his rights under the plan, but merely an attempt to bar OHP's subrogation claims to settlement proceeds Arana received due to an automobile accident settlement.  Under the logic of Arana, Plaintiff's assertions in his Complaint filed in Illinois state court concerning first party insurance proceeds and third party insurance proceeds *vis-a-vis* the Plan's subrogation language does not in and of itself give rise to removal.**

[4] **The Court has read the slip opinion in Livingston v. Lang, docket #03C50120, U.S. District Court, (ND IL, July 7, 2003) provided by the Plaintiff and finds the reasoning of the court in Livingston, which ordered remand to be virtually on all four corners with the instant case.**

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

    ENTER:    December 8, 2005

                                         s/ Byron G. Cudmore

                              _____
                                   BYRON G. CUDMORE
                        UNITED STATES MAGISTRATE JUDGE