UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JUSTIN THOMAS,                )
                              )
        Plaintiff,            )
                              )
        v.                    )         Case No. 05-1327
                              )
HCH ADMINISTRATION INC.,      )
                              )
        Defendant.            )

**O R D E R**

Before the Court is Magistrate Judge Byron G. Cudmore's Report and Recommendation (R & R) [Doc. # 16], addressing Plaintiff's Objection to Defendant's Removal and Plaintiff's Motion for Remand to State Court [Doc. # 12].  Defendant has filed objections [Doc. # 17] and Plaintiff has responded [Doc. # 18].  For the reasons that follow, the Court will adopt the Magistrate Judge's R & R and remand this case to state court.

**I.   Background**

On May 11, 2005, Plaintiff filed a lawsuit in state court based on a motor vehicle collision.  Plaintiff reached a settlement in that case and he received settlement proceeds from the tortfeaser's insurance carrier and from his own insurance company under the underinsured provisions of the policy.  During the relevant times, Plaintiff was insured under a health plan through his employer which was administered by Defendant.  After the state case was settled, Plaintiff filed a petition to adjudicate lien in the state court.  In that petition, Plaintiff sought to adjudicate reimbursement of the subrogation liens of HCH Administration, Inc. and the Institute of Physical Medicine and Rehabilitation.  In

particular, Plaintiff argued the health plan was not entitled to reimbursement based on monies received from Plaintiff's underinsured coverage. Plaintiff's argument was based on a provision of the health plan which allowed the plan to seek reimbursement from a liable third party. Plaintiff argued that his own insurance company was not a third party.

Defendant removed Plaintiff's petition to this court, and Plaintiff objected to the removal. Magistrate Judge Cudmore recommended the case be remanded, finding that Section 502 of the Employee Retirement Income Security Act ("ERISA") did not apply to completely preempt the state court action. Defendant objects to the R & R.

## II. Legal Standard

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which "specific written objection has been made." Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id. However, the Court emphasizes that Rule 72(b) contemplates "<u>specific</u>, written objections to the proposed findings and recommendations [of the magistrate judge]." Id. (emphasis added).

## III. Analysis

Section 502(a) of the ERISA provides that "[a] civil action may be brought--(1) by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to

2

future benefits under the terms of the plan." 29 U.S.C. § 1132(a). The Supreme Court has determined that all state actions falling within the scope of section 502(a) of ERISA are preempted under the complete preemption doctrine. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 67 (1987). Thus, any claim by a participant or beneficiary to enforce his rights under an ERISA plan is completely preempted, and federal subject matter jurisdiction would exist. See Hart v. Walmart Stores, Inc., Associates' Health and Welfare Plan, 360 F.3d 674, 679 (7th Cir. 2004). On the other hand, ERISA does not completely preempt an employee's action to adjudicate liens following settlement, even when an employer's health plan is a lien holder. Id. 679-680(removal was improper where employee's action involved attempt to apportion settlement funds among his various creditors and employee was not seeking to redress ERISA violation or to enforce any provisions of plan or ERISA).

Defendant objects to the magistrate judge's finding that Section 502 of ERISA does not apply to completely preempt Plaintiff's state court action, arguing that because Plaintiff has asserted an interpretation of the subrogation clause of the plan that would limit the plans recovery, section 502 is applicable. The Court disagrees. If the Court were to accept Defendant's argument, every lien adjudication case involving an ERISA plan could be removed to federal court because adjudication of a lien held by an ERISA plan necessarily requires a court look at and "interpret" the subrogation clause to determine if the ERISA plan is entitled to recovery. That is not the case. The Seventh Circuit has repeatedly held that ERISA does not preempt an

3

employee's action to adjudicate liens by an ERISA plan based on the plans subrogation provisions following settlement.  See <u>Hart</u>, 360 F.3d at 679; <u>Speciale v. Seybold</u>, 147 F.3d 612 (7th Cir.1998); <u>Blackburn v. Sundstrand Corp.</u>, 115 F.3d 493 (7th Cir.1997).

## IV. Conclusion

IT IS THEREFORE ORDERED that the Court ADOPTS Magistrate Judge Byron G. Cudmore's Report and Recommendation (R & R) [Doc. # 16].

IT IS FURTHER ORDERED that Plaintiff's Objection to Defendant's Removal and Plaintiff's Motion for Remand to State Court [Doc. # 12] is ALLOWED.

IT IS FURTHER ORDERED that this case is remanded back to the Tenth Judicial Circuit, Peoria County, Illinois.

CASE TERMINATED.

Entered this <u>  10th  </u> day of April, 2006.


<u>       s/ Joe B. McDade       </u>
JOE BILLY McDADE
United States District Judge